1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                             EASTERN DISTRICT OF CALIFORNIA

10

11   NEXIS RENE GOMEZ,                          Case No. 2:20-cv-2259-JDP (P)

12                  Plaintiff,
                                                ORDER GRANTING PLAINTIFF'S
13          v.                                  APPLICATION TO PROCEED IN FORMA
                                                PAUPERIS
14   UNKNOWN,
                                                ECF No. 5
15                  Defendant.
                                                SCREENING ORDER ALLOWING
16                                              PLAINTIFF'S COMPLAINT TO PROCEED
                                                AGAINST UNKNOWN DEFENDANT ON
17                                              PLAINTIFF'S CLAIMS FOR EXCESSIVE
                                                FORCE IN VIOLATION OF THE EIGHTH
18                                              AMENDMENT

19                                              ECF No. 1

20                                              ORDER DIRECTING CLERK OF COURT
                                                TO SEND PLAINTIFF A COPY OF
21                                              BLANK SUBPOENA DUCES TECUM
                                                FORM
22
                                                30 DAY DEADLINE
23

24

25          Plaintiff proceeds without counsel in this civil rights action brought under 42 U.S.C.

26   § 1983.  Plaintiff's complaint, ECF No. 1, is before the court for screening under 28 U.S.C.

27   § 1915A.  He alleges a single claim against an unknown defendant for violations of his Eighth

28

                                                1

1  Amendment rights.  Additionally, plaintiff has filed an application to proceed *in forma pauperis*

2  (ECF No. 5) which, together with his trust fund account statement (ECF No. 7), makes the proper

3  showing and will be granted.[1]

4        For the reasons set forth below, the court finds service of plaintiff's complaint appropriate.

5  The Clerk of the Court is ordered to provide plaintiff with a signed subpoena form to request

6  documents from a non-party so that plaintiff can seek documents identifying the unknown

7  defendant.  If plaintiff succeeds in identifying the unknown defendant, he should file a motion to

8  substitute the named individual defendant.

9        **Screening and Pleading Requirements**

10        A federal court must screen a prisoner's complaint that seeks relief against a governmental

11  entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

12  claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

13  claim upon which relief may be granted, or seeks monetary relief from a defendant who is

14  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

15        A complaint must contain a short and plain statement that plaintiff is entitled to relief,

16  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

17  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

18  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

19  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

20  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

21  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

22  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

23  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

24  n.2 (9th Cir. 2006) (en banc) (citations omitted).

25        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

26  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

27   

28
[1] Plaintiff must pay the requisite filing fee in accordance with the concurrently filed collection order.

2

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

### Background

Plaintiff initiated this action on November 12, 2020.  ECF No. 1.  Plaintiff brings a single claim alleging deliberate indifference to his medical needs in violation of the Eighth Amendment. Plaintiff alleges that in January and February 2012, an individual, known to plaintiff as "the scheduler," was responsible for delaying plaintiff's medical care for 57 days which resulted in plaintiff attempting suicide.  ECF No. 1 at 3.  Specifically, plaintiff states that his psychologist, Dr. Braun, referred him to a psychiatrist, Dr. Majumdar, to reinstate anti-depressants, and that it took 57 days to receive care.  *Id.* at 4.

Plaintiff alleges that he did not submit his claim to highest level of appeal.  *Id.* at 3.  He states that he was mentally incompetent and could not file an administrative appeal regarding the allegations at issue.  *Id.* at 8.

Previously, plaintiff brought a lawsuit against Dr. Braun and Dr. Majumdar with a claim alleging identical facts and violations of his Eighth Amendment rights.  *See Gomez v. Braun*, Case No. 2:15-cv-2523 (E.D. Cal.).[2]  Plaintiff alleges that he first learned of the scheduler's participation in the delay of plaintiff's treatment on September 14, 2017, during the course of discovery.  *See id.* at ECF No. 59 at 1.  On July 19, 2018, the magistrate judge recommended that defendants' motion for summary judgment be granted.  *Id.* at ECF No. 53.  On September 10,

---

[2] The court takes judicial notice of the district and appellate court filings in plaintiff's preceding case.  District Courts may take judicial notice, even *sua sponte*, of matters capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(c); *see also Mesa Grande Band of Mission Indians v. Salazar*, 657 F. Supp. 2d 1169, 1172 (S.D. Cal. 2009).  It is well established that federal courts may take judicial notice of related court orders and proceedings pursuant to this rule.  *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).  Accordingly, the court takes judicial notice of the filings in the foregoing cases as they are directly related to plaintiff's claims.

1   2018, plaintiff filed a motion to amend his complaint to name the scheduler as a defendant in the

2   action. *Id.* at ECF Nos. 56, 59.  The court denied plaintiff's motion, stating that plaintiff's

3   "motion to amend was filed after the . . . deadline for filing all pretrial motions," and "[p]laintiff .

4   . . fail[ed] to show diligence" when he "did not move to amend the pretrial motions deadline, or to

5   amend his pleading, as soon as he learned . . . about the scheduler's alleged involvement[;

6   i]nstead plaintiff waited almost a year before filing the instant motion to amend." *Id.* at ECF No.

7   60.

8       Plaintiff appealed both the order adopting the findings and recommendations, as well as

9   the order denying his motion to amend.  The Ninth Circuit affirmed the orders, stating that "[t]he

10  district court did not abuse its discretion by denying Gomez's motion for leave to amend his

11  complaint because Gomez failed to demonstrate good cause."  *Gomez v. Braun*, 776 F. App'x 460

12  (9th Cir. 2019), c*ert. denied sub nom. Rene Gomez v. Braun*, 141 S. Ct. 281, 208 L. Ed. 2d 42

13  (2020) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992)).

14      Plaintiff filed the instant action on November 12, 2020.

15                          **Analysis**

16      To succeed on an Eighth Amendment claim predicated on allegedly deficient medical

17  care, a plaintiff must establish that: (1) he had a serious medical need and (2) the defendant's

18  response to that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.

19  2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the

20  failure to treat the condition could result in further significant injury or the unnecessary and

21  wanton infliction of pain.  *Jett*, 439 F.3d at 1096.  A deliberately indifferent response may be

22  shown by the denial, delay or intentional interference with medical treatment or by the way in

23  which medical care was provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.

24  1988).  To act with deliberate indifference, a prison official must both be aware of facts from

25  which the inference could be drawn that a substantial risk of serious harm exists, and he must

26  actually draw that inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

27      Thus, a defendant will be liable for violating the Eighth Amendment if he knows that a

28  plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take

                                    4

1    reasonable measures to abate it." *Id.* at 847. "[I]t is enough that the official acted or failed to act

2    despite his knowledge of a substantial risk of serious harm." *Id.* at 842.

3          Liberally construed, and for the purposes of § 1915A screening only, plaintiff has stated a

4    potentially cognizable Eighth Amendment claim against the scheduler. Because plaintiff does not

5    know the identity of this individual yet, the court cannot order service of the complaint on the

6    scheduler. Accordingly, the court will provide plaintiff with a signed subpoena form to request

7    documents from a non-party so that plaintiff can seek documents from CDCR or other

8    appropriate entity or person that will reveal the name of the unidentified defendant. *See Cottrell*

9    *v. Unknown Corr. Officers*, No. 99-15567, 2000 U.S. App. LEXIS 21969, at *2-3 (9th Cir. 2000).

10   Plaintiff must fill in the form and return it to the court, at which point the court will direct the

11   U.S. Marshal to serve the subpoena. *See Heilman v. Lyons*, 2:09-cv-2721 KJN P, 2010 U.S. Dist.

12   LEXIS 136449, at *1 (E.D. Cal. Dec. 13, 2010).

13         Accordingly, it is ORDERED that:

14         1.  Plaintiff's motion to proceed in forma pauperis is GRANTED;

15         2.  The court has screened plaintiff's complaint and finds that it states a cognizable claim

16   against defendant for deliberate indifference to plaintiff's medical needs in violation of the Eighth

17   Amendment;

18         3.  Service is appropriate for the as-yet identified individual who acted as the scheduler at

19   High Desert State Prison between January and February 2012;

20         4.  The Clerk of the Court is directed to provide plaintiff with signed but otherwise blank

21   subpoena duces tecum form with this order. *See* Fed. R. Civ. P. 45(a)(3);

22         5.  Within 30 days of this order, plaintiff shall return the signed subpoena provided with

23   this order. The subpoena should identify with particularity the materials it commands to be

24   produced. Upon receipt of the completed subpoena form, the court will direct its service by the

25   U.S. Marshal;

26         6.  If plaintiff can identify the identity of the unknown defendant, he shall file a motion to

27   substitute; and

28         7.  Failure to comply with this order may result in the dismissal of this action.

1

2      IT IS SO ORDERED.

3
       Dated:    March 11, 2021
4                                          JEREMY D. PETERSON
                                           UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28