UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXIS RENE GOMEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>UNKNOWN,<br><br>        Defendant. | Case No.  2:20-cv-02259-KJM-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>ECF No. 13 |

  Plaintiff is a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  He has filed a motion that requests that he be appointed counsel.  ECF No. 13.

  Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff.  *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  The court may request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the

1

legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

    Plaintiff asks that the court appoint counsel for the limited purpose of assisting him with serving discovery that will provide the name of the unidentified defendant named in the complaint. ECF No. 13. In a concurrently filed order, the court directed the U.S. Marshal to serve on CDCR a subpoena that asks for documents that may reveal the name of the unidentified defendant. In light of that order, the court finds that appointment of counsel is not appropriate at this time. However, should plaintiff remain unable to ascertain the name of the unidentified defendant after CDCR's compliance with that subpoena, he may renew his motion for appointment of counsel.

    Accordingly, it is hereby ORDERED that plaintiff's motion, ECF No. 13, is denied without prejudice.

IT IS SO ORDERED.

Dated:   April 21, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2