UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXIS RENE GOMEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>UNKNOWN,<br><br>    Defendant. | Case No.  2:20-cv-02259-KJM-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>ECF No. 18 |

    Plaintiff is a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  He has filed a motion that request that he be appointed counsel. ECF No. 18.

    Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the

1

legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Plaintiff previously asked to be appointed counsel for the limited purpose of helping him discover the name of the unidentified defendant. ECF No. 13. On April 22, 2022, the court directed the U.S. Marshal to serve on CDCR a subpoena that asks for documents that may reveal the name of the unidentified defendant. ECF No. 16. Considering that order, the court found that the appointment of counsel was not appropriate at that time. ECF No. 17. The court also informed plaintiff that if he remained unable to ascertain the name of the unidentified defendant after CDCR's compliance with that subpoena, he could renew his motion for appointment of counsel. *Id.* at 2.

Plaintiff has filed another motion seeking the appointment of counsel stating that he still has not received a response from the subpoena the court ordered to be served in April. ECF No. 18. In response to plaintiff's motion, court staff contacted the office of the U.S. Marshal to inquire about the status of the subpoena and learned that the subpoena had not been served. *Id.* at 2. Accordingly, the court direct the U.S. Marshal to personally serve the subpoena on CDCR's Office of Legal Affairs. *Id.* In light of the court's additional order directing serve of the subpoena, the court finds it unnecessary to grant plaintiff's limited request for the appointment of counsel at this time. However, should plaintiff remain unable to receive a response to the subpoena, he may renew his motion for the appointment of counsel.

Accordingly, it is hereby ORDERED that plaintiff's motion, ECF No. 18, is denied without prejudice.

IT IS SO ORDERED.

Dated:   December 12, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE