UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXIS RENE GOMEZ, | Case No. 2:20-cv-02259-KJM-JDP (PC) |
| Plaintiff, | |
| v. | ORDER |
| UNKNOWN, | |
| Defendant. | |

Plaintiff is a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He moves for the court to appoint him counsel for the limited purpose of identifying the unknown defendant. ECF No. 22.

Plaintiff alleges in his complaint that an unknown individual, who is only known to him as a "scheduler" who worked at High Desert State Prison between January and February 2012, delayed his medical care in violation of the Eighth Amendment. ECF No. 1. When I screened plaintiff's complaint, I ordered the Clerk of Court to provide plaintiff with a signed subpoena form to request documents from a non-party so that plaintiff could seek documents identifying the unknown defendant. I instructed plaintiff to file a motion substituting in the named individual defendant if he successfully identified the defendant. ECF No. 8.

Plaintiff returned a completed subpoena to the court; however, it was directed at High Desert State Prison, which is not a separate and distinct entity. I modified the submitted

1

1 subpoena to reflect that it be served on CDCR's Office of Legal Affairs at 1515 S Street, Ste. 314
2 South, Sacramento, CA 95811.  ECF No. 16.

3     Plaintiff later filed a motion to compel stating that he had not received a response from the
4 subpoena.  ECF No. 19.  Since I had directed service of the subpoena more than six months prior,
5 court staff contacted the U.S. Marshal and learned that the subpoena had not been served.  Thus, I
6 again directed the U.S. Marshal to personally serve the subpoena on CDCR's Office of Legal
7 Affairs.  ECF No. 20.

8     Plaintiff received CDCR's response to the subpoena; however, he asserts that the response
9 is overly broad.  ECF No. 22.  The response lists almost thirty individuals, but none of the names
10 specify who was responsible for "handling medical referrals for psychiatric care and scheduling
11 related appointments" between January and February 2012 at HDSP, as the subpoena had
12 requested.  *Id.* at 5.

13     In an effort to find the unidentified defendant, plaintiff has filed his third request for
14 counsel in the hopes that counsel may identify the defendant.

15     Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand*
16 *v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an
17 attorney to represent plaintiff.  *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296,
18 298 (1989).  The court may request the voluntary assistance of counsel.  *See* 28 U.S.C.
19 § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford
20 counsel"); *Rand*, 113 F.3d at 1525.  However, without a means to compensate counsel, the court
21 will seek volunteer counsel only in exceptional circumstances.  In determining whether such
22 circumstances exist, "the district court must evaluate both the likelihood of success on the merits
23 [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the
24 legal issues involved."  *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

25     While I am sympathetic to the struggles plaintiff has faced with identifying this unknown
26 defendant, the appointment of counsel is not warranted at this time.  Plaintiff can, if he so
27 chooses, challenge the adequacy of CDCR's response and seek appropriate relief.  Fed. R. Civ.
28 Pro. 45(g).

2

Accordingly, it is hereby ORDERED that plaintiff's motion, ECF No. 22, is denied without prejudice.

IT IS SO ORDERED.

Dated: __July 12, 2023__          _____
                                  JEREMY D. PETERSON
                                  UNITED STATES MAGISTRATE JUDGE