UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXIS RENE GOMEZ, | Case No. 2:20-cv-02259-KJM-JDP (PC) |
| Plaintiff, | **ORDER** |
| v. | DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL |
| UNKNOWN, | ECF No. 32 |
| Defendant. | |

    Plaintiff is state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Pending is plaintiff's motion to appoint counsel. ECF No. 32.

    Plaintiff does not have a constitutional right to appointed counsel, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks authority to require an attorney to represent plaintiff. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court can request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of

1  the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues
2  involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

3        Plaintiff has spent the past three years trying to learn the identity of the individual who
4  was responsible for scheduling his medical appointments between January and February 2021 at
5  High Desert State Prison.  Plaintiff has made several efforts to identify defendant but has not
6  succeeded.  At this point, a potential reasonable step would be to appoint counsel, so I requested
7  the assistance of the court's litigation coordinator in identifying counsel for the limited purpose of
8  assisting plaintiff with discovering defendant's identity.  Unfortunately, the coordinator has been
9  unable to secure counsel.  Plaintiff's motion for counsel, ECF No. 32, is therefore denied.

10        While I sympathize with plaintiff, the court has exhausted its ability to aid plaintiff's
11  efforts to discovery defendant's identity.  *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007)
12  ("A district court lacks the power to act as a party's lawyer, even for pro se litigants.").

13        I now notify plaintiff that if a defendant is not served within ninety days after a complaint
14  is filed, the court must, after notice to the plaintiff, dismiss an action without prejudice.  Fed. R.
15  Civ. P. 4(m).  However, "if the plaintiff shows good cause for the failure, the court must extend
16  the time for service for an appropriate period."  *Id.*  As the Ninth Circuit has explained, "Rule
17  4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period
18  for the service of a complaint."  *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citing Fed. R.
19  Civ. P. 4(m) and *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir.
20  1995)).  "First, upon a showing of good cause for the defective service, the court must extend the
21  time period.  Second, if there is no good cause, the court has the discretion to dismiss without
22  prejudice or to extend the time period."  *Id.*

23        Good cause appearing, plaintiff is granted an additional thirty days to notify the court of
24  defendant's identity.  Should plaintiff fail to notify the court of defendant's identity, I will
25  recommend that this action be dismissed for failure to meet the requirements of Rule 4(m).

26        Accordingly, it is hereby ORDERED that:
27      1. Plaintiff's motion to appoint counsel, ECF No. 32, is denied.
28      2. Plaintiff is granted an additional thirty days to notify the court of defendant's identity.

Should plaintiff fail to notify the court of defendant's identity, I will recommend that this action be dismissed for failure to meet the requirements of Rule 4(m).

IT IS SO ORDERED.

Dated:   July 17, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3