UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXIS RENE GOMEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>UNKNOWN,<br><br>        Defendant. | No. 2:20-cv-02259-DC-JDP (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION<br><br>(Doc. No. 34) |

Plaintiff Nexis Rene Gomez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 8, 2024, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed due to Plaintiff's failure to effect timely service of process under Rule 4(m) of the Federal Rules of Civil Procedure on the sole defendant in this case.[1] (Doc. No. 34.) Specifically, the magistrate judge noted that "[e]fforts to identify the unknown defendant are well documented" on the docket, and "suffice it to say, after almost four

---

[1] The docket reflects an additional defendant, California Department of Corrections and Rehabilitation ("CDCR"), but that entity is not named as a defendant and is listed on the docket in error. CDCR appeared in this action for the purpose of responding to Plaintiff's motion to hold CDCR's litigation coordinator in contempt for allegedly failing to comply with Plaintiff's subpoena to produce documents.

1

1  years, Plaintiff has been unable to ascertain the identity of the individual who acted as a scheduler
2  at High Desert State Prison between January and February 2012." (*Id.* at 1.) The pending findings
3  and recommendations were served on Plaintiff and contained notice that any objections thereto
4  were to be filed within fourteen (14) days after service. (*Id.* at 2.) On December 9, 2024, Plaintiff
5  filed objections to the pending findings and recommendations. (Doc. No. 38.)

6      In his objections, Plaintiff largely reiterates his efforts to identify the unknown defendant
7  and emphasizes that his failure to ascertain the unknown defendant's identity is not due to lack of
8  diligence on his part. (*Id.* at 1–2.) Notably, the magistrate judge acknowledged Plaintiff's efforts
9  and diligence in the findings and recommendations. Indeed, the findings and recommendations
10 cite to several filings in this action reflecting Plaintiff's efforts, as well as CDCR's compliance
11 with Plaintiff's subpoena by producing documents that disclose the names of personnel High
12 Desert State Prison. (Doc. No. 34 at 2.) Further, the court explained in an order issued on July 17,
13 2024, that the court's litigation coordinator was unable to secure counsel to assist Plaintiff in
14 identifying the unknown defendant, and "the court has exhausted its ability to aid Plaintiff's
15 efforts to discover[] defendant's identity." (Doc. No. 33 at 2.) For these reasons, Plaintiff's
16 objections do not provide any basis upon which to reject the findings and recommendations.

17     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
18 *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's
19 objections, the court concludes that the findings and recommendations are supported by the
20 record and proper analysis.

21     Accordingly,
22     1.   The findings and recommendations issued on October 8, 2024 (Doc. No. 34) are
23         adopted in full;
24     2.   This action is dismissed due to Plaintiffs' failure to effect timely service of process
25         are required by Federal Rule of Civil Procedure 4(m); and
26 /////
27 /////
28 /////

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**February 18, 2025**__          _____
Dena Coggins
United States District Judge

3